Vincent Astor, Respondent, v. Hotel St. Regis, Inc.,
et al., Appellants, Impleaded with Another.

(Argued February 26, 1935; decided March 12, 1935.)

*John W. Davis, Edgar G. Crossman, James S. McNally* and *Charles Caldwell* for Hotel St. Regis, Inc., appellant.

*John W. Davis, Edgar G. Crossman, James S. McNally* and *H. C. Little* for Durham Realty Corporation, appellant.

*J. M. Richardson Lyeth* and *Rush Taggart* for respondent.

Order affirmed, with costs, and questions certified answered in the affirmative. No opinion.

Concur: LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ. Not sitting: FINCH, J. CRANE, Ch. J., dissents in the following memorandum.

CRANE, Ch. J. (dissenting). As to the parties in this action, the mortgage and the agreement must be read together. Had the mortgage contained a provision that at the foreclosure sale the mortgagee's bid would cover the furniture, while a stranger's bid would not, such a provision, I take it, could be attacked by answer on the ground of its invalidity although there were no other defenses.

I see no reason why the defendants in this case cannot be heard through answer as to the terms of the foreclosure decree directing sale; in other words, obtain a direction that the public sale must allow open competitive bidding.

The plaintiff's affidavits on this motion for judgment allege that the hotel without the furniture is lessened in value as the good will of a going concern is destroyed, and thus seeks by his judgment to obtain the right to enforce this preferential bid. Whether in the same or a separate action, in one or two instruments, the plaintiff insists that under the judgment he shall have the right to buy the furniture for $100,000.

I think that the defendants may attack that claimed preference in the foreclosure action. Certainly, they should have a stay of the sale until they can be heard upon this issue, and the framing of the foreclosure decree seems to be the proper time and place for settling the question.

Order affirmed.